# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **REBECCA CHANDLER,** | ) | **CASE NO: 2:16-cv-1137** |
| | ) | |
| **Plaintiff,** | ) | **Judge George C. Smith** |
| | ) | |
| v. | ) | **Magistrate Judge Kimberly A. Jolson** |
| | ) | |
| **WALDEN ASSET MANAGEMENT,** | ) | |
| **LLC,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff's Motion for Default Judgment having been duly considered and with good grounds having been shown and demonstrated in relation thereto, the Court having been fully advised in the matter finds as follows:

1. The Court's Docket reflects that service was perfected in this matter on both Defendants and the Court entered an order of default on January 5, 2017.

2. The Defendants have each failed to file a proper motion, answer, or other defense of this matter in the time required under the Civil Rules.

3. The Court deems the failure of each Defendant to answer and defend this matter to be a confession of truth with respect to the allegations in the Complaint.

4. Plaintiff is entitled to recover the relief prayed for in the Complaint, including injunctive relief and damages, with interest, costs, and attorney fees.

5. As set forth in the Complaint, Plaintiff seeks injunctive relief, actual and statutory damages, attorney fees, and costs for violations of Ohio's Consumer Sales Practices Act,

    R.C. §1345.01 et seq. ("CSPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (the "FDCPA"), and state racketeering laws.

6. The CSPA, O.R.C. §1345.09(B), provides for statutory damages of $200. Therefore, the Court awards judgment in the amount of $200 in statutory CSPA damages.

7. The FDCPA, 15 U.S.C. §1692k(a)(2), provides for statutory damages of up to $1,000. Therefore, the Court awards judgment in the amount of $1,000 in statutory FDCPA damages.

8. The TCPA provides for statutory damages of $500 per unlawful phone call, and $1,500 per call if made knowingly. As Ms. Chandler demanded that the calls cease, the continued calls were made knowingly. At least twelve (12) calls were made. Therefore, the Court awards judgment under the TCPA in the amount of $18,000.

9. Furthermore, under 15 U.S.C. §1692k(a)(1), O.R.C. §1345.09(B), and O.R.C. §2923.34(A), Plaintiff is entitled to compensation for non-economic injury, such as annoyance, aggravation, embarrassment, depression, anxiety, sleep deprivation, loss of appetite, and associated physical ailments as claimed in the Complaint by Plaintiff. Under the FDCPA and O.R.C. §2923.34(A), there is no cap to an award for this category of damages. Under the CSPA, a plaintiff may seek up to $5,000 for this claim. Therefore, the Court awards judgment in the amount of $5,000 under the FDCPA, the CSPA, and Ohio's racketeering law, for damage to his reputation, emotional damage, and associated physical ailments, including annoyance, aggravation, embarrassment, depression, anxiety, sleep deprivation, and loss of appetite.

10. Additionally, because O.R.C. §2923.34(E) provides for recovery of treble actual damages and because the acts of Defendants in calling Plaintiff with threats to extort monies were

willful and malicious, and conducted with utter disregard for the rights of consumers in Ohio in general, and Ms. Chandler in particular, the Court awards treble/punitive damages in the amount of $15,000, which is three times the award for emotional and other injury.

11. Plaintiff is entitled to recover interest, costs, and attorney fees pursuant to 15 U.S.C. §1692k(a)(3), O.R.C. §1345.09(F), and O.R.C. §2923.34(F)&(G).  As such the Defendants are liable for Attorney fees and costs.  To date, Plaintiff's attorney has spent 9.9 hours on this matter, and his billable rate is $275 per hour.  Therefore, the Court further awards $2,722.50 in Attorney fees, which amount is found to be fair and reasonable, plus costs.

12. Finally, the CSPA, O.R.C. §1345.09(D), provides that a consumer may seek injunctive relief.  Ohio's state racketeering law, O.R.C. §2923.34(B)(2), further provides that a court "may grant relief by entering any appropriate orders to ensure that the violation will not continue or be repeated," including, reasonable restriction upon the future activities of the Defendants. **To grant such relief, evidence of special or irreparable injury is not necessary.**  O.R.C. §2923.34(D). Accordingly, this Court hereby issues the following injunctive order:

    a. Defendants **WALDEN ASSET MANAGEMENT LLC ("Walden")** and **PHILIP A. BIFULCO, JR.**, together with any business owned, operated, or controlled by them, or employing them in any capacity, are hereby enjoined and barred from engaging in any telemarketing or debt collection business in the State of Ohio or calling consumers in the State of Ohio for any telemarketing or debt collection purpose, until such time as-

      i. The Defendants satisfy the monetary judgment rendered herein by payment to Ms. Chandler; and

      ii. The Defendants satisfy this Court that they will cease engaging in the following activities or employing/engaging anyone or any entity which engages in any of the following activities:

          1. Calling any consumer to collect any debt without clearly identifying their true identity and clearly identifying themselves as a debt collector.

          2. Calling any consumer demanding the payment of any sum unsupported by a good faith belief in the accuracy of the amount sought based on law or contract.

          3. Failing to cease calls to any consumer after either an oral or written demand that the calls cease.

          4. Calling any consumer with any type of threat.

          5. Calling any consumer and indicating that any type of legal action may be taken against the consumer, unless they may lawfully intend to and they imminently intend to take such action.

          6. Violating the FDCPA or the CSPA in any other way.

  b. The restrictions of this order regarding telemarketing and debt collection activities in the State of Ohio shall specifically apply to each of the Defendants.

4

WHEREFORE, THIS COURT ORDERS, ADJUDGES, AND DECREES that the Plaintiff recovers from **Walden** and **PHILIP A. BIFULCO, JR.,** jointly and severally, the sum of $36,922.50, plus costs, plus statutory interest from the date of judgment, and **ENJOINS** the Defendants as set forth herein.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**